UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TONYA MANN                                             CIVIL ACTION NO. 24-cv-318

VERSUS                                                 JUDGE EDWARDS

CITY OF BOSSIER ET AL                                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Tonya Mann ("Plaintiff") filed a pro se complaint that asserted civil rights and state law claims against 26 defendants based on allegations that law enforcement officers wrongfully killed Jason Michael Mattingly, Jr.  The five Haughton Defendants filed a Rule 12(b)(6) motion to dismiss, the 13 Bossier City Defendants filed a similar motion to dismiss, and the seven Bossier Parish Defendants filed answers. One defendant, Tony Vandagriff, has not appeared.

Plaintiff filed her complaint on March 1, 2024.  In June 2024, just after the first motion to dismiss was filed, Plaintiff was granted leave to enroll counsel.  The second motion to dismiss was soon filed.  Plaintiff's new counsel filed in August 2024 memoranda in opposition to the motions and simultaneously filed a Motion to Amend Complaint (Doc. 37) that is now before the court.

The proposed amendment reduces the number of defendants from 26 to nine.  It focuses on the officers who are alleged to have actually fired shots (and their employers), generally cleans up and significantly shortens the complaint, and adds an allegation that

the various officers failed to intervene in the allegedly unlawful conduct of their fellow officers.

The seven Bossier Parish Defendants, five of whom would be dropped from the suit by the amended complaint, filed a memorandum in opposition. Doc. 40. They object that an amendment is not the proper procedure to dismiss parties from a suit. Their preference is that Plaintiff file a motion to dismiss with a proposed order. These defendants also object that the proposed failure to intervene claim is futile and that Plaintiff should not be allowed to amend her petition to escape the arguments raised in the motions to dismiss filed by the other defendants.

The Bossier City Defendants also filed a memorandum in opposition. Doc. 41. They complain that the amended complaint would paint Mr. Mattingly in a more favorable light, and it omits exhibits such as a state police report that were attached to the original complaint. They also argue that the proposed amendment is futile because of various merits-based arguments that cite the police report and their assertions of qualified immunity.

The Bossier Parish Defendants state their preference for a motion to dismiss to drop a defendant from the case, but the amendment of a complaint to dismiss a defendant eliminates all claims against that particular defendant; the amendment is the same as a motion to dismiss under Rule 41. Samples v. Vanguard Healthcare, LLC, 2008 WL 11342870 (N.D. Miss. 2008), citing 9 Wright & Miller, Federal Practice and Procedure § 2362 (1987). See also Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd., 177 F.R.D. 351, 355–56 (E.D. Va. 1998) ("An amendment pursuant to Rule 15 that eliminates (or proposes to

eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant.").

Furthermore, "an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). Plaintiff's proposed amended complaint appears to be a completely restated complaint that does not invoke or incorporate by reference the original complaint, so if leave is granted the original complaint will be superseded and become irrelevant to the merits. King v. Dogan, 31 F.3d 344 (5th Cir. 1994) (superseded original complaint was irrelevant to dispositive motion contest).

The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2). Rule 15 has a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999). Refusal to grant leave to amend "without any justifying reasons is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 83 S.Ct. 227, 230 (1962).

Rule 15 encourages a plaintiff to respond to a Rule 12 motion by amending his complaint, and the plaintiff may do so without leave of court if he acts promptly after the filing of the motion. This plaintiff waited past the deadline to amend without leave, but the same policy counsels in favor of allowing the proposed amendment, especially given

the early stage of the case. The usual practice in this division, in such circumstances, is to allow the amendment, deny any pending Rule 12 motion without prejudice, and allow the defendants to respond to the amended complaint with a new motion or motions. Davis v. Gavin, 2019 WL 2754758, *2 (W.D. La. 2019). When a defendant argues that leave should be denied because the proposed amendment is futile, the local practice is to nonetheless grant leave to amend and allow futility to be determined after full briefing of a new motion to dismiss that is focused on the merits of the amended complaint. House of Raeford Farms v. Poole, 2020 WL 3052226 (W.D. La. 2020).

The ordinary practices are warranted here. Plaintiff requested leave to amend early in the case before a scheduling conference or any scheduling order was in place. Her attorneys commendably sought to clean up the pro se complaint by dropping all claims against several defendants and streamlining the allegations of claims. It would almost certainly be an abuse of discretion to deny leave to amend in these circumstances. Accordingly, Plaintiff's **Motion for Leave to Amend Complaint (Doc. 37)** is **granted**. The **motions to dismiss (Docs. 13 & 19)** are **denied** without prejudice. The clerk of court is directed to terminate all defendants except those listed as defendants in the amended complaint. The remaining defendants may elect whether to file an answer or motion in response to the amended complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge